IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :      CRIMINAL ACTION
                               :      NO. 04-15
        Plaintiff,             :
                               :
        v.                     :
                               :
JOSE ORTIZ-VEGA,               :
                               :
        Defendant.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          FEBRUARY 7, 2012


I.    INTRODUCTION

        Defendant Jose Ortiz-Vega ("Defendant") brings this
motion for a reduction of his sentence pursuant to 18 U.S.C. §
3582(c)(2).  Defendant asks the Court to reduce his sentencing
guideline range from 97-121 months to 78-97 months pursuant to
the most recent amendment to U.S. Sentencing Guidelines Manual §
2D1.1(c), which increased the quantity thresholds for base
offense levels for the possession of crack cocaine.  For the
reasons that follow, the Court will deny Defendant's motion.


II.  BACKGROUND

        Defendant was indicted on January 13, 2004, on nine
counts.  Specifically, Defendant was indicted for one count of

distribution of more than 5 grams of crack cocaine (Count One);
one count of distribution of more than 50 grams of crack cocaine
(Count Three); one count of possession of more than 50 grams of
crack cocaine with the intent to distribute (Count Five); three
counts of distribution or possession of crack cocaine within a
school zone (Counts Two, Four, and Six); one count of possession
of more than 500 grams of cocaine with intent to distribute
(Count Seven); one count of possession of marijuana with intent
to distribute (Count Eight); and one count of possession of a
firearm in furtherance of a drug trafficking offense (Count
Nine).  Indictment, ECF No. 14.

On February 27, 2004, Defendant pled not-guilty to all
nine counts.  Then, on April 15, 2004, pursuant to a plea
agreement with the Government, Defendant changed his plea to
guilty on all nine counts.  Under the Sentencing Guidelines in
effect at the time of Defendant's sentencing, his guideline range
on the drug offenses was 97-121 months.  The drug offenses
charged on Counts Three through Six carried a mandatory minimum
penalty of 120 months.  See 21 U.S.C. 841(b)(1)(A)(iii) (2006)
(amended 2006, 2009, 2010).  The gun offense carried a mandatory
consecutive sentence of 60 months.  18 U.S.C. § 924(c)(1)(A)(I)
(2006).  Despite the mandatory minimum for the drug offenses, the
Government admits that it mistakenly recommended a sentence
within the guideline range of 97-121 months for the drug

2

offenses.  Gov.'s Br. in Resp. to Def.'s Mot. to Reduce Sentence 2, ECF No. 81 [hereinafter Gov.'s Br.].  It states that it should have recommended a guideline range of 120-121 months for the drug offenses, accounting for the mandatory minimum.[1]  Id.  On July 6, 2004, the Court sentenced Defendant to 108 months for the drug offenses and 60 months to run consecutive on the gun offense, for a total period of incarceration of 168 months.

On December 24, 2007, Defendant filed a pro se motion for a reduction of his sentence pursuant to § 3582(c)(2) and Guidelines Amendment 706, which reduced the base offense levels for most crack offenses.  Mot. for an Order Granting a Sentence Reduction, Dec. 24, 2007, ECF No. 71; see Amend. 706, U.S. Sentencing Guidelines Manual App. C (2007) [hereinafter U.S.S.G.].  The Court appointed the Federal Public Defenders as counsel who agreed with the Government that Defendant was ineligible for the sentence reduction.  The court denied the motion.  See Order, June 10, 2008, ECF No. 79.

Currently before the Court is Defendant's second attempt to have the Court reduce his sentence pursuant to § 3582(c)(2), this time under Guidelines Amendment 750.[2]  The

---

[1]    The Government did not move for any departure or variance from the mandatory minimum sentence.  Gov.'s Br. 2 & n.1.

[2]    Amendment 750 in Appendix C of the U.S. Sentencing Guidelines Manual changed the quantity threshold required to trigger a mandatory minimum term of imprisonment.  Amend. 750,

Government opposes the motion.[3]  The matter is now ripe for
disposition.


## III. DISCUSSION


   A.  Legal Standard

        Upon a defendant's motion, the Court may reduce a
defendant's term of imprisonment when the Court has sentenced the
defendant "to a term of imprisonment based on a sentencing range
that has subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (2006).
The Court must ensure that any reduction is "consistent with
applicable policy statements issued by the Sentencing
Commission."  Id.  The Court must also consider the factors set
forth in 18 U.S.C. § 3553(a).  Id.

        In order to determine a defendant's eligibility for a
sentencing reduction, the Third Circuit outlined a two-step

---

U.S.S.G. App. C at 392-93 (2011).  It also conformed the
guideline penalty structure for crack cocaine offenses to the
approach followed for other drugs.  Id.  The Sentencing
Commission made this amendment retroactive, effective November 1,
2011.  See U.S.S.G. § 1B1.10(c) (2011).

   [3]  Defendant originally filed a pro se motion for a
reduction of sentence.  ECF No. 80.  The Government responded to
Defendant's pro se motion.  ECF No. 81.  Thereafter, the Federal
Public Defenders filed a supplemental brief in support of
Defendant's motion.  ECF No. 83.  The Court considered each of
these briefs in deciding Defendant's motion.

approach.  See United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009).  First, the defendant must have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and second, the sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  Id.  If a defendant meets both steps of this inquiry, the Court then considers the § 3553(a) factors.  Dillion v. United States, 130 S. Ct. 2683, 2691-92 (2010).  Nonetheless, it is within the Court's discretion whether to grant a reduction in the term of imprisonment.  See 18 U.S.C. § 3582(c)(2) ("[T]he court . . . may reduce the term of imprisonment." (emphasis added)).

    B.    Analysis

        The parties dispute whether Defendant meets either of Doe's requirements.  In particular, the parties diverge on whether Defendant is eligible for a reduction at all because he was subject to a mandatory minimum sentence of 120 months.[4]  With respect to this mandatory minimum, Defendant contends that because the Court did not impose this mandatory minimum sentence

---

        [4]    Defendant does not seek an application of the Fair Sentencing Act of 2010 ("FSA") to the extent that it reduces his mandatory minimum.  As the Court sentenced Defendant in 2004, before the FSA took effect on August 3, 2010, Defendant is ineligible for a reduction of his mandatory minimum that was in effect at the time of his original sentencing.  See United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010).

he is entitled to the retroactive effect of Amendment 750.[5]  See Def.'s Supplemental Br. in Supp. of Mot. to Reduce Sentence 2, ECF No. 83 [hereinafter Def.'s Br.].  The Government argues that, regardless of what sentence Defendant received, he was still subject to the 120-month mandatory minimum sentence at the time of his sentencing and Amendment 750 did nothing to change that fact.  Gov.'s Br. 6.  Accordingly, the Government concludes that even if the Court were to go back in time and apply the now-amended Guidelines to Defendant's sentencing, the mandatory minimum sentence would not change and would "subsume and displace[]" the guideline range under Amendment 750.  Id. at 8.

       1.   Doe Step One

       Under Doe, Defendant must first show that the Court sentenced him based on a subsequently amended Guidelines provision.  In this case, although the Court sentenced Defendant pursuant to a now-amended Guidelines provision, he was also subject to a mandatory minimum.  Defendant contends that he satisfies Doe step one because, despite the mandatory minimum, the Court applied the guideline range of 97-121 months when

_____

[5]   The parties do not dispute that Amendment 750 reduces Defendant's initial guideline range.  The parties agree that under Amendment 750, without reference to any mandatory minimum penalties, the base offense level for the drug offenses would be 30, with an adjusted offense level of 28, and as Defendant had a criminal history category of I, his amended guideline range would be 78-97 months.  See Def.'s Br. 1 & n.1; Gov.'s Br. 6 n.6

determining his sentence.  The Government, on the other hand, argues that regardless of its own error in not providing the correct guideline range of 120-121 months, Defendant was still subject to the mandatory minimum.  Thus, he is ineligible for a sentencing reduction under § 3582(c)(2).  Though the parties do not discuss it in their briefs, their competing arguments center around interpreting the phrase "based on" under § 3582(c)(2). See 18 U.S.C. § 3582(c)(2) (allowing a reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered").  Yet, the Court declines to resolve this issue here because, regardless, Defendant fails to show that a reduction of his sentence is consistent with the policy statement issued by the Sentencing Commission--Doe step two.[6]

### 2.   Doe Step Two

Under Doe's second step, the Court assesses whether Defendant's reduced sentence would offend the policy statement provided by the Sentencing Commission.  Pursuant to the policy

---

[6]     The Third Circuit has held that "based on a sentencing range" means that a subsequent amendment must alter the range the district court actually used at sentencing for the defendant to receive a sentence reduction.  United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009).  The issue here is how Defendant's mandatory minimum, though not imposed, affects Defendant's eligibility.  As stated, the Court need not resolve this dispute because Defendant's requested reduction is inconsistent with the policy statement from the Sentencing Commission.

statement, the Court first determines what guideline range would have applied had Amendment 750 been in effect on July 6, 2004, Defendant's sentencing date.  U.S.S.G. § 1B1.10(b)(1).  Here, the parties do not dispute that Amendment 750 would change Defendant's guideline range.  The parties also do not dispute that Defendant was subject to a mandatory minimum sentence of 120 months and this mandatory minimum is unchanged for purposes of sentencing Defendant.  Thus, as Defendant is still subject to the mandatory minimum, the change in his guideline range under Amendment 750 is irrelevant--a mandatory minimum sentence subsumes and becomes the applicable guideline range for Defendant.  See Doe, 564 F.3d at 312.  Therefore, the guideline range applicable to Defendant, even after Amendment 750, is the mandatory minimum of 120 months.

Put another way, if the Court were to apply the method under § 1B1.10--taking its own DeLorean back in time to July 6, 2004, with Amendment 750 in hand--while Defendant's base offense level would change under Amendment 750 his mandatory minimum would not.  Accordingly, the Court must use this mandatory minimum when assessing Defendant's eligibility under § 3582(c)(2).

To that end, the Commentary to the Guidelines' policy statement is particular instructive in this case.  It states that:

8

> [A] reduction in the defendant's term of imprisonment is
> not authorized under 18 U.S.C. § 3582(c)(2) and is not
> consistent with this policy statement if: . . . [the]
> amendment listed in subsection (c) is applicable to the
> defendant but the amendment does not have the effect of
> lowering the defendant's applicable guidelines range
> because of the operation of another guideline or
> statutory provision (e.g., a statutory mandatory minimum
> term of imprisonment).

U.S.S.G. § 1B1.10 cmt. 1(A) at 40 (emphasis added).  Thus, in

this case, regardless of the fact that the Court sentenced

Defendant to a term in the middle of his guideline range and not

to the mandatory minimum, the operation of the statutory

mandatory minimum prevents the Court from reducing his term of

imprisonment under § 3582(c)(2).  To do so would be in

contravention of § 1B1.10, a provision binding upon the Court.

See Doe, 564 F.3d at 314.

        Indeed, the Third Circuit addressed a similar argument

that Defendant presents here in Doe.  In that case, the

defendants pled guilty to the distribution of crack cocaine and

moved for reductions of their sentences under § 3582(c)(2).  Doe,

564 F.3d at 307.  The defendants there were both subject to

mandatory minimums, however, the Government moved for downward

departures pursuant to U.S. Sentencing Guidelines Manual § 5K1.1.

Id. at 308.  Both defendants had guideline ranges below their

mandatory minimums and, indeed, the district court sentenced both

defendants to terms below the minimum of their guideline ranges. Id.

In that case, the Third Circuit held that because the defendants' applicable guideline ranges were in fact their mandatory minimums, the defendants were ineligible for a sentencing reduction regardless of the fact that the district court sentenced both defendants to terms below their mandatory minimums and guideline ranges.  Id. at 312.  In so holding, the court focused on § 1B1.10(a)(3)(B) of the policy statement.  This section "excludes a reduction if an amendment does not have the effect of lowering a defendant's applicable guideline range." Id.  The court reasoned that the term "applicable guideline range" under § 1B1.10(a)(3)(B) means the guideline range that was applicable at the time of sentencing.  Id.  In the case where there is a mandatory minimum sentence, this mandatory minimum sentence "subsumes and displaces the otherwise applicable guideline range" and becomes the applicable guideline range.  Id. at 311 (citations and internal quotations omitted).  The guideline range calculated using a defendant's offense level and criminal history category is the "initial" guideline range, but not the applicable guideline range within the meaning of the Sentencing Guidelines.  Id. at 312.  Therefore, courts must look to the applicable guideline range, which is the mandatory minimum when one is applicable, when determining if a subsequent

10

guideline amendment lowered that applicable guideline range.  If
the amendment did not lower that range, the defendant is
ineligible for a sentencing reduction.

Doe's reasoning is applicable here.  In this case,
regardless of whether the Court sentenced Defendant using his
"initial" guideline range due to an inadvertent error, or
conscious decision pursuant to statutory authority as in Doe, his
applicable guideline range was still the mandatory minimum at the
time of his sentencing.  Thus, in this case, as Defendant was
subject to the mandatory minimum at the time of his original
sentencing and this minimum is unchanged as to Defendant, it
would be contrary to the policy statement under § 1B1.10 to
reduce Defendant's guideline and sentence in accordance with
Amendment 750.  Thus, Defendant fails to satisfy Doe step two.

The Court recognizes that Defendant's original sentence
was below his statutorily required mandatory minimum, but this is
of no moment.  Unfortunately, neither party brought this error to
the Court's attention within the time required under Federal Rule
of Criminal Procedure 35.  See Fed. R. Crim. P. 35(c) (2004)
(providing for, at the time of Defendant's sentencing, seven days
to correct errors in sentencing).  Nor did the Government appeal
Defendant's sentence as illegal.  The Court cannot revisit this
error during a § 3582(c)(2) proceeding.  See Dillion, 130 S. Ct.
at 2694 (stating that courts cannot re-decide guideline

11

applications during a § 3582(c)(2) proceeding); U.S.S.G. §
1B1.10(b)(1) (same); cf. Dolan v. United States, 130 S. Ct. 2533,
2546 (2010) (Roberts, C.J., dissenting) ("[I]f the trial court
fails to impose a mandatory term of imprisonment . . . the
Government cannot simply ask it to impose the correct sentence
later.  If the error is clear, and raised within 14 days, it
might be corrected under Rule 35.  Otherwise, the Government must
appeal, and seek resentencing on remand.").  That said, the Court
will not perpetuate this error by now granting Defendant's motion
under § 3582(c)(2).  To do so would be to overlook the statutory
mandatory minimum twice.

**IV.  CONCLUSION**

        For the reasons set forth above, Defendant's motion
will be denied.  An appropriate order shall follow.